Case No.   19-cv-2054-DOC (KS)                                                                    Date: March 22, 2019

Title   _Albert Bautista Guzman v. Christian Pfeiffer_


Present: The Honorable:    Karen L. Stevenson, United States Magistrate Judge

|  Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW OF CAUSE RE: DISMISSAL**

**I.     Introduction**

On March 19, 2019, Albert Bautista Guzman, a California prisoner proceeding *pro se* ("Petitioner") filed a Petition for Writ of Habeas Corpus By a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.)  The Petition appears to assert three grounds for relief based on: (1) ineffective assistance of trial and appellate counsel stemming from trial counsel's failure to consult with a pathologist expert; (2) trial court error in admitting "case-specific hearsay" in the testimony of Detective Duran; and (3) "detective Kevin Okamoto of the Pasadena police department was found guilty of misconduct." (Petition at 5.)[1]

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the

---

[1]     In addition to the three claims listed on page 5 of the form petition, Petitioner includes a handwritten page titled "page (5), (8), (c)," which lists the following five claims:  (1) violation of due process, equal protection and a jury trial "when the trial court failed to instruct the jury that the reasonable person standard was applied to self-defense and provocation is a reasonable juvenile of similar age, intelligence and experience; (2) trial court's failure to instruct on self-defense; (3) trial court prejudicially erred in failing to instruct that "provocation could mitigate a murder to manslaughter." (5) trial court erred in "refusing the proposed defense instruction"; and (5) "Appellants sentence of 50 years to life violated the eighth amendment." (Petition at CM/ECF Page ID #3.)  The reference to "Appellant" seems to suggest that these were claims presented in Petitioner's direct appeal, but the Petition does not so state and it is unclear whether any of these claims are being raised in the instant Petition.  He also includes a page with the heading "page (5) (9) (d)" that lists seven alleged trial court errors. (*Id.* at CM/ECF Page ID # 4-5.)  Here too, there is no indication whether Petitioner pursued these alleged errors on direct appeal or in state court habeas petitions and it is unclear if he is asserting any of these grounds in the instant Petition.

petitioner is not entitled to relief." Here, it appears from the face of the Petition that the action is untimely and must be dismissed with prejudice pursuant to Habeas Rule 4.

## II.   The Statute of Limitations

The Petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a federal habeas petition.  28 U.S.C. § 2244(d)(1).  The "statutory purpose" of the one-year limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims."  *Carey v. Saffold*, 536 U.S. 214, 226 (2002).

The one-year limitations period set forth in 28 U.S.C. § 2244(d)(1) is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court.  28 U.S.C. § 2244(d)(2); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001).  Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period.  *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

## III.   The Commencement Date

In the present case, Petitioner was required to file his federal habeas petition within one year from the latest of:

> (A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;
> (C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or
> (D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Here, Petitioner was convicted on November 30, 2011 of murder (California Penal Code ("Penal Code") § 187 subd. (a)), with sentence enhancements for personally using a firearm in the commission of the crime (Penal Code § 12022.53 subd. (b), (c), (d), and (e)) abd cinnuttubg the crime in furtherance of and assistance to a street gang (Penal Code § 186.22 subd. (b)(1)(c) and (b)(4)). (Petition at 2.) On September 7, 2012, the trial court sentenced Petitioner to a prison sentence of 50 years to life. (*Id*.) Petitioner appealed his conviction and sentence to the California Court of Appeal, which affirmed the trial court's judgment but remanded for resentencing of Petitioner pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012). (Petition at 3); *see also People v. Guzman*, No. B243895, 2014 Cal. App. Unpub. LEXIS 7609 (Oct. 23, 2014). Petitioner sought review of the Court of Appeal decision in a Petition for Review with the California Supreme Court, which denied the Petition for Review on January 28, 2015. (Petition at 3); *see also People v. Guzman*, No. S222319, 2015 Cal. LEXIS 569 (Jan. 28, 2015).

All of Petitioner's arguments concern the constitutionality of his conviction, as opposed to his sentence, *see Mardesich v. Cate*, 668 F.3d 1164, 1166 (9th Cir. 2012) ("we apply the AEDPA statute of limitations on a claim-by-claim basis"), and Petitioner's conviction became final ninety days after the California Supreme Court's order denying the Petition for Review – that is, on April 28, 2015, *see Mardesich*, 668 F.3d at 1167; Sup. Ct. R. 13.1 – and, absent an alternative commencement date, the statute of limitations commenced running on April 29, 2015 and, absent tolling, expired on April 28, 2016. *See Patterson*, 251 F.3d at 1246. Petitioner filed the Petition on March 19, 2019. Accordingly, absent sufficient tolling, the Petition is untimely.

## IV.    Petitioner Is Not Entitled to Statutory Tolling

Section 2244(d)(2) suspends the limitations period not only for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court but also, in appropriate circumstances, "during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay." *Biggs v. Terhune*, 339 F.3d 1045, 1046 (9th Cir. 2003). However, when a petitioner waits to initiate his state habeas proceedings until after the federal statute of limitations has lapsed, statutory tolling is not available. *See Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("Because [the petitioner] did not file his first state petition until after his eligibility for federal habeas had already lapsed, statutory tolling cannot save his claim."); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)

("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

Here, the Petition indicates that Petitioner did not file *any* habeas petition in state court for more than a year and a half after the April 28, 2016 deadline. According to the Petition, Petitioner filed his first state habeas petition on January 16, 2018, when he filed a petition for habeas corpus with the Los Angeles County Superior Court. (*See* Petition, Exhibit B at PAGE ID # 12.) The Superior Court denied this petition on April 13, 2018. (*See id.*) Because Petitioner waited to initiate his state habeas proceedings until after the federal statute of limitations lapsed, statutory tolling is not available. Thus, absent sufficient equitable tolling, the Petition is untimely.

**V.     Petitioner Has Not Established That He Is Entitled For Equitable Tolling for the Full Period of His Delay**

The one-year limitations period established by Section 2244(d)(1) may also be equitably tolled in appropriate circumstances. *Holland*, 560 U.S. at 645-49. A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Specifically, a habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 645.

Petitioner states that there was a "delay of [his] incoming legal mail" and asks the Court "to acknowledge the fact that due to this two month delay [he] was deprived" and "restore the three months lost in total." (Petition at CM/ECF Page ID 18) (errors in original). Even if the Court were to accept Petitioner's argument that he is entitled to two to three months of equitable tolling, it would not render the Petition timely. As stated above, Petitioner waited more than 18 months after the statute of limitations expired to begin filing state habeas petitions, and his federal habeas petition is untimely by almost three years. Thus, two to three months of equitable tolling cannot justify the full period of Petitioner's delay.

**VI.    Conclusion**

In sum, Petitioner filed the Petition more than two and a half years after the AEDPA statute of limitations expired on April 28, 2016, and he: (1) has not proposed, let alone demonstrated that

he is entitled to, an alternative commencement date; (2) has not demonstrated that he is entitled to statutory or gap tolling for properly filed state habeas petitions; and (3) has not alleged that he was pursuing his rights diligently but some extraordinary circumstances prevented him from filing this action at any point in the four years since his conviction became final in April 2015. Accordingly, it appears from the face of the Petition that the action must be dismissed as untimely.

### VII.   Order To Show Cause

In light of the foregoing, **Petitioner is ORDERED TO SHOW CAUSE on or before April 21, 2019 why the Petition should not be dismissed** – that is, Petitioner must file, no later than April 21, 2019 a signed Response to this Order that includes specific factual allegations demonstrating that either:  (1) the Petition is timely under 28 U.S.C. § 2244(d)(1); or (2) that Petitioner has been diligently pursuing his rights but an extraordinary circumstance prevented timely filing of the Petition.

If Petitioner no longer wishes to pursue this action, he may file, in lieu of a Response to this Order, a signed document entitled "Notice Of Voluntary Dismissal" dismissing the action without prejudice in accordance with Federal Rule of Civil Procedure 41(a)(1).

Petitioner's failure to timely comply with this Order and show cause for proceeding with this action may result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules, Local Rule 41-1, and Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

|  |  : |
|---|---|
|  | **Initials of Preparer**   gr |